**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) CAROLYN WEST, individually, as Next of Kin and Personal Representative of the Estate of Opal Mae Hudgins, deceased,<br><br>Plaintiff,<br><br>vs.<br><br>(2) QUALITEST PHARMACEUTICALS, INC.;<br>(3) ELI LILLY AND COMPANY;<br>(4) XANODYNE PHARMACEUTICALS, INC.;<br>and (5) JOHN DOES 1 THROUGH 10,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 5:11-cv-00169-D<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANT ELI LILLY AND COMPANY'S RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO COMPLETE SERVICE OF PROCESS AND REQUEST FOR DISMISSAL UNDER FED. R. CIV. P. 12(b)(5)**

Eli Lilly and Company ("Lilly") objects to Plaintiff's Motion for Extension of Time to Complete Service of Process ("Motion") and requests that this Court dismiss Plaintiff's Complaint for the following reasons:

1. Plaintiff filed her original Complaint on February 17, 2011. *See* Compl.

2. On February 25, 2011, Lilly filed a Notice of Related Action with the United States Judicial Panel on Multidistrict Litigation ("JPML") and identified this case. *See* Plaintiff's Motion, Exhibit A.

3. Pursuant to FED. R. CIV. P. 4(m), Plaintiff should have served Lilly within 120 days or by June 17, 2011. Plaintiff admittedly did not serve Lilly within the requisite time period. In fact, upon information and belief, Plaintiff did not serve *any* Defendant within the requisite time period.

4. Plaintiff now, nearly one month after the deadline to serve, requests that this Court extend her time to serve.

5. Undeniably, Lilly's Notice of Related Action to the JPML does not relieve Plaintiff of her obligation to serve Defendants within the required 120 days.

6. Plaintiff's counsel admits that he has, in other cases, requested a waiver of service from the Defendants and Lilly has granted such requests. However, in those cases, Plaintiff requested the waiver of service within the time to serve. Thus, the request for waiver was timely.

7. In this case, Plaintiff is unable to establish good cause for her failure to timely serve Lilly. *See In re Kirkland*, 86 F.3d 172, 175-76 (10th Cir. 1996) (noting that inadvertence, negligence, mistake of counsel, ignorance of the rules, unexplained assertions of miscalculation, and the absence of prejudice to the defendant do not constitute "good cause").

8. In addition, the deadline to serve passed nearly a month ago. Plaintiff had sufficient time to serve Lilly or request a waiver of service. Plaintiff cannot now ask the Court for relief for her own delay in serving Lilly.

9. Plaintiff's mistaken belief that this Court received a copy of the Notice of Related Action filed with the JPML does not relieve Plaintiff of her obligation to timely serve Lilly. Thus, pursuant to Fed. R. Civ. P. 12(b)(5), this Court should dismiss Plaintiff's Complaint, without prejudice, as Plaintiff has not established good cause for her failure to timely serve Lilly and Plaintiff has not demonstrated any other basis for her failure to serve Lilly.

        FOLIART, HUFF, OTTAWAY & BOTTOM

By   *s/Amy Sherry Fischer*
    Larry D. Ottaway - OBA #6816
    Amy Sherry Fischer - OBA #16651
    201 Robert S. Kerr Avenue, 12th Floor
    Oklahoma City, Oklahoma 73102
    Telephone: (405) 232-4633
    Fax: (405) 232-3462
    E-Mail: larryottaway@oklahomacounsel.com
           amyfischer@oklahomacounsel.com

ATTORNEYS FOR DEFENDANT
ELI LILLY AND COMPANY

## CERTIFICATE OF SERVICE

This is to certify that on this 20th day of July, 2011, a true and correct copy of the foregoing instrument was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to ECF registrants:

Matthew J. Sill
Sill & Medley
14005 N. Eastern Ave.
Edmond, OK  73013
Telephone: 405/509-6300
Facsimile: 405/509-6268
matt.sill@sillmedleylaw.com

        *s/Amy Sherry Fischer*