IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

CAROLYN WEST, individually, as )
Next of Kin and Personal Representative of )
The Estate of Opal Mae Hudgins, deceased, )
                                                                                              ) NO. CIV-11-169-D
                Plaintiff, )
                                                 )
vs. )
                                                 )
QUALITEST PHARMACEUTICALS, INC.; )
ELI LILLY AND COMPANY; )
XANODYNE PHARMACEUTICALS, INC.; )
and (5) JOHN DOES 1 THROUGH 10, )
                                                 )
                Defendants. )

**ORDER**

      Before the Court is Plaintiff's Motion for Extension of Time to Complete Service of Process [Doc. No. 4]. Defendant Eli Lilly and Company ("Eli Lilly") objects to Plaintiff's request, and asks the Court to dismiss this action without prejudice for failure to timely complete service of process.

      Plaintiff acknowledges that she failed to perfect service of process upon the defendants within 120 days of the filing of the Complaint; she further acknowledges that Fed. R. Civ. P. 4 (m) requires that service be perfected within this time period, and failure to comply may result in dismissal of the action without prejudice. Fed. R. Civ. P. 4(m). However, the Rule further provides that the Court must extend the time for service upon a plaintiff's showing of good cause for the failure to timely perfect service. *Id.*

      In this case, Plaintiff argues good cause exists to extend the time period for perfecting service. She explains that this action is currently under consideration for transfer by the United States Judicial Panel on Multidistrict Litigation ("Panel"), and that, in a similar case, she served the defendants by agreement.

In its objection, Eli Lilly correctly points out that this action's pendency before the Panel does not excuse Plaintiff from complying with Rule 4(m). Eli Lilly further argues that Plaintiff's argument does not constitute good cause to extend the time for service.

Although the Court does not condone Plaintiff's failure to comply with Rule 4(m), it disagrees with Eli Lilly's suggestion that this action should be dismissed without prejudice. Doing so would, of course, permit Plaintiff to refile the action; the result would be a delay in proceeding with the adjudication of these claims. Eli Lilly does not argue that it is prejudiced by Plaintiff's failure to timely perfect service; in fact, it appears Eli Lilly is aware of her claims.

Accordingly, having considered the arguments, the Court finds that Plaintiff has shown good cause to extend the time period for perfecting service upon the defendants. Plaintiff's motion [Doc. No. 4] is GRANTED. Plaintiff shall perfect service upon the defendants no later than August 19, 2011.

IT IS SO ORDERED this 3rd day of August, 2011.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE